UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB HAWKINS-BIVINS,

        Plaintiff,

v.

68TH DISTRICT COURT,
et al.,

        Defendants.

_____/

Case No. 2:25-cv-12437

Hon. Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

In July 2025, *pro se* Plaintiff Jacob Hawkins-Bivins filed this civil rights action against Defendants 68th District Court and Genesee County in the United States District Court for the Western District of Michigan. ECF No. 1. He also filed an application to proceed *in forma pauperis* (IFP). ECF No. 2. But because "[t]he events underlying the complaint occurred in Genesee County," the case was transferred in August 2025 to the Eastern District of Michigan as the proper venue. ECF No. 3 at PageID.9. Hawkins-Bivins's application to proceed IFP supports his claim of poverty, so it will be granted. However, as explained below, his complaint will be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

In his five-sentence complaint, Hawkins-Bivins alleges that

> [t]he 68th District Court allowed the witnesses on [his] case to lie on [him] under oath. The District Court Judge also allowed it and used all false testimony to bond [him] over to [ ] 7th Circuit Court. The evidence was not based off facts they were based off all lies.

ECF No. 1 at PageID.3 (cleaned up). Hawkins-Bivins also states that his brief in support of this petition "has all the underlying facts and proof to support" his claim but he does not attach it. *Id.* (cleaned up). The relief he seeks is to hold the 68th District Court accountable for their actions and to "put on the record that the testimony of the state witnesses were all false." *Id.* at PageID.4 (cleaned up).

## I. LEGAL STANDARD

Because Hawkins-Bivins proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(e)(2). These standards require district courts to dismiss any claim that "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B). *See also Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Hawkins-Bivins's also proceeds *pro se*, so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Hawkins-Bivins's *pro se* status does not exempt him from meeting basic pleading requirements and complying with the Civil Rules. *See Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017). His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

The issue in this action is whether Hawkins-Bivins can seek relief on a claim that a state district judge used false testimony to bind plaintiff to a state circuit court. For this screening under § 1915(2)(2), this Court construes Hawkins-Bivins's *pro se* action as a 42 U.S.C. § 1983 action because he aims to sue the 68th District Court and Genesee County in the context of a state criminal proceeding. *See Erickson*, 551

- 3 -

U.S. at 94. For the reasons explained below, his complaint does not state a claim on which relief may be granted, so it will be dismissed, and the case will be closed.

**A. Defendant 68th District Court is not a "Suable Person" under § 1983**

To state a claim under § 1983, a plaintiff must allege: "(a) the deprivation of a right secured by the Constitution or federal law; and (b) that the deprivation was caused by a person acting under color of state law." *Aarti Hosp., LLC v. City of Grove City, Ohio*, 350 F. App'x 1, 11 (6th Cir. 2009) (quoting *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003)). A state court, however, is not a "person" subject to suit under § 1983. *See Hohenberg v. Shelby Cnty.*, 68 F.4th 336, 343 (6th Cir. 2023) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (per curiam)).

The 68th District Court is a Michigan state court. *See* MICH. COMP. LAWS § 600.8134(3). Because a state court is not a "person" capable of being sued within the meaning of § 1983, Hawkins-Bivins cannot maintain a § 1983 action against the 68th District Court in federal court. His § 1983 claim must therefore be dismissed.

Moreover, to the extent Hawkins-Bivins seeks retrospective or otherwise non-prospective relief against the 68th District Court, his claim is independently barred by Eleventh Amendment immunity. *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 764 (6th Cir. 2010) (holding that Michigan trial-level district courts are generally entitled to the immunity protections of the Eleventh Amendment, and all federal claims against it must be dismissed).

**B. Hawkins-Bivins does not State a Plausible Claim against Genesee County**

Hawkins-Bivins pleads no facts that would support imposing liability on Defendant Genesee County under any cognizable theory. Although he names Genesee County as a defendant, he does not allege how the County was involved in the events at issue, what actions it purportedly took, or how those actions caused him harm. *See generally* ECF No. 1. His pleading efforts against Genesee County are devoid of factual or legal elaboration.

Because Hawkins-Bivins does not meaningfully develop his claims beyond listing the county's name, the Court has no basis upon which to conduct a substantive analysis, liberal or otherwise. The Court cannot speculate as to how Genesee County is involved in this litigation. *See Wells*, 891 F.2d at 594. It is not the Court's role to construct legal theories on a plaintiff's behalf or to supply factual allegations that have not been pleaded. To do so would exceed the limits of liberal construction. See *Porter*, 676 F. App'x at 440. The responsibility for setting forth a plausible claim rests with the plaintiff. *See id.* (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). This deficiency also deprives Genesee County of fair notice of the grounds upon which the claims rest. *See Twombly*, 550 U.S. at 555.

In short, the complaint falls below the minimum pleading standards articulated in *Twombly* and *Iqbal*. The listing of Genesee County as a defendant

unaccompanied by supporting factual allegations fails to state a claim. Accordingly, the complaint will be dismissed for failure to state a claim.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 19, 2026